Bellacosa, J.
(concurring). Respectfully, I concur only in the result on a narrower basis than the majority opinion adopts.
A reversal and dismissal of charges are warranted, in my *386 view, solely for the reason that any other outcome in these cases would produce an anomalous and absurd statutory interpretation of Penal Law §§ 100.00 and 100.20, that would be substantially at odds with the Legislature’s directed goal in chapter 360 of the Laws of 1977 (The Marihuana Reform Act).
The majority’s rationale seems to me to permit, theoretically and precedentially, a more expansive availability of the exemption provision (Penal Law § 100.20) in other criminal solicitation scenarios not presented by the uniform fact pattern of these cases. Since I conclude that a wider rationale is not necessary to the resolution of these cases and could produce unwarranted implications and outcomes in different future cases, I vote to reverse on the narrowest possible basis.
Chief Judge Kaye and Judges Levine and Ciparick concur with Judge Smith; Judge Bellacosa concurs in result in a separate opinion in which Judge Wesley concurs.
Order reversed, etc.